IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY COLEMAN,

                                           OPINION and ORDER

               Plaintiff,

                                             13-cv-581-bbc

    v.

DANE COUNTY SHERIFFS,
DANE COUNTY SHERIFF'S DEPT.

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil action under 42 U.S.C. § 1983, plaintiff Timothy Coleman, a prisoner at the Dane County jail at the time he filed this complaint (he has since been transferred to the Dodge Correctional Institution), alleges that deputies failed to protect him from attack by another prisoner. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and has made an initial partial payment as directed by the court under § 1915(b)(1).

       Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, plaintiff also is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the

proposed complaint, I conclude that the complaint should be dismissed and plaintiff should be given a chance to submit an amended complaint better explaining the basis for his claims.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff Timothy Coleman was a prisoner at the Dane County jail. At some point in December 2010, plaintiff and another inmate "had been arguing all morning [and] the deputies had to tell us to keep it down." While plaintiff was "out for [his hour]" in the day room, the inmate with whom plaintiff had been arguing faked an asthma attack. Deputies unlocked his cell, despite a jail policy allowing only one inmate out in the dayroom at a time. The inmate came out of his cell and attacked plaintiff. The inmate threatened to stab plaintiff, and ultimately bit him on the neck. Plaintiff had to receive a tetanus shot and an HIV test. Plaintiff states that his "physical [and] mental well being was jeopardize[d] due to deputies' incompetency, [and] just not following protocol."

OPINION

The Eighth Amendment requires prison officials to protect inmates from being assaulted by other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Failure to protect claims regarding pretrial detainees, on the other hand, are analyzed under the due process clause of the Fourteenth Amendment. Fisher v. Lovejoy, 414 F.3d 659, 661 (7th Cir. 2005). This distinction is of little practical importance, however, because the court of

2

appeals has stated that the same standard for failure to protect claims applies whether the plaintiff is a prison inmate or a pre-trial detainee. Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005). In Farmer, 511 U.S. at 847, the Supreme Court held that a prison official may be liable for failure to protect "only if he knows that [an] inmate [ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." To sustain his failure to protect claim, plaintiff must prove that he was detained under conditions that posed a substantial risk of serious harm and that the individual defendants were deliberately indifferent to this risk. Brown, 398 F.3d at 910-13.

Fed. R. Civ. P. 8(a)(2) requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." At this point, given his fairly vague allegations, I cannot conclude that plaintiff has properly stated a failure to protect claim. In and of itself, the fact that defendant deputies failed to follow prison rules with regard to allowing more than one prisoner in the dayroom at a time does not state a failure to protect claim. E.g., Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that § 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). To the extent that plaintiff believes that the deputies were incompetent, a "mere isolated incident of negligence . . . does not rise to the level of a constitutional violation actionable under section 1983." Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992). Notably, plaintiff provides very little detail about whether defendants were aware that the other inmate posed a threat to plaintiff, as well as how they allowed the inmate to attack plaintiff; at this point, I assume that the inmate's cell was unlocked in an

3

effort to get him medical attention, so it is unclear how or why the inmate would have been left unattended with an opportunity to attack plaintiff.

It is possible that plaintiff could add more detail making it clear that he should be able to proceed on a failure to protect claim. Accordingly, I will dismiss his complaint but provide him a short period of time to provide an amended complaint providing more information about his claims, in particular explaining how each individual defendant was deliberately indifferent to his safety. E.g., Luevano v. Wal–Mart Stores, Inc., 722 F.3d 1014, 1024 (7th Cir. 2013) ("[In forma pauperis] applicants whose complaints are dismissed . . . should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend.").

In addition, plaintiff should make it clear whom he intends to sue in this case. He names the Dane County Sheriff's Department as a defendant. The sheriff's department forms a part of the county government it serves and is "not a separate suable entity." Whiting v. Marathon County Sheriff's Department, 382 F.3d 700, 704 (7th Cir. 2004). "Litigants seeking redress for wrongs committed by sheriffs or their deputies must sue either the officers who violated their rights or the county that has authority over the department." Id. Accordingly, I will dismiss the sheriff's department from the case.

Looking at individual defendants, plaintiff has named "Dane County Sheriffs" as defendants, by which I understand him to be referring to individual sheriff's deputies. In his amended complaint, plaintiff should include as much identifying information as he has regarding the individual deputies and name these individuals in the caption. Even if he does

4

not know the names of certain defendants, he may identify individual deputies as "John Doe" defendants. Ultimately, if plaintiff is granted leave to proceed against Doe defendants, the court will guide him through a procedure to identify these defendants through the discovery process.

ORDER

IT IS ORDERED that

1. Plaintiff Timothy Coleman's complaint is DISMISSED under Fed. R. Civ. P. 8.

2. Defendant Dane County Sheriff's Department is DISMISSED from the case.

3. Plaintiff may have until October 29, 2013 to submit an amended complaint complying with the instructions discussed above. If plaintiff fails to file an amended complaint by that date, the clerk's office is directed to dismiss the case entirely for plaintiff's failure to state a claim upon which relief may be granted and assess a strike under 28 U.S.C. § 1915(g).

Entered this 8th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge